**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**NORTHERN DIVISION**

| | | |
|---|---|---|
| BRYAN SMITH, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 2:25-cv-00011-AGF |
| | ) | |
| PIKE COUNTY SHERIFF'S | ) | |
| DEPARTMENT, | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court upon review of a letter filed by self-represented Petitioner

Bryan Smith asking for help to file a habeas corpus petition to contest his state-court bond.  ECF

No. 1 at 1-2.  This letter is defective as a petition initiating suit because it was not drafted on a

Court form as required by the Local Rules.  E.D. Mo. L.R. 2.06(A).  In addition, Petitioner has

neither paid the filing fee nor filed a motion for leave to proceed *in forma pauperis*.  E.D. Mo. L.R.

2.01(B)(1).

Petitioner is a pretrial detainee being held at the Pike County Jail.  His letter complains

about his inability to pay the court-ordered bond in his pending criminal case in state court, *State*

*v. Smith*, No. 24PI-CR00016 (45th Jud. Cir. 2024).  Petitioner asks the Court for "help filing a

Habeas Corpus," arguing that he is being unconstitutionally held on bond due to his lack of

financial resources.  ECF No. 1 at 1-2.

Petitioner here is a state-court pretrial detainee arguing that his detention is unlawful and

as such, his filing will be construed as seeking relief under 28 U.S.C. § 2241. *See Palmer v. Clarke*,

961 F.2d 771, 774 (8th Cir. 1992) (stating that it "is well established that federal district courts can

entertain pretrial habeas petitions"); *Walck v. Edmondson*, 472 F.3d 1227, 1235 (10th Cir. 2007)

("[A] state court defendant attacking his pretrial detention should bring a habeas petition pursuant to the general grant of habeas authority contained within 28 U.S.C. § 2241"); *Dickerson v. Louisiana*, 816 F.2d 220, 224 (5th Cir. 1987) (stating that pretrial petitions "are properly brought under 28 U.S.C. § 2241, which applies to persons in custody regardless of whether final judgment has been rendered and regardless of the present status of the case pending against him").  The Court will direct the Clerk of Court to send Petitioner a blank "Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241" form.  Petitioner has **thirty (30) days** from the date of this Order to file an amended petition on the Court-provided form.  In that same time period, Petitioner must either file a motion to proceed *in forma pauperis* or pay the court filing fee.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk of Court shall mail to Petitioner blank copies of the Court's "Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241" form and "Motion to Proceed *in Forma Pauperis* and Affidavit in Support – Habeas Cases" form.

**IT IS FURTHER ORDERED** that, within **thirty (30) days** of the date of this Order, Petitioner shall file an amended petition on the Court-provided form.

**IT IS FURTHER ORDERED** that, within **thirty (30) days** of the date of this Order, Petitioner shall either pay the $5.00 filing fee or submit a motion to proceed *in forma pauperis* on the Court-provided form.

**IT IS FURTHER ORDERED** that if Petitioner fails to comply with this Order, the Court will dismiss this action without prejudice and without further notice.

Dated this 31st day of January, 2025.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

2