UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | |
|---|---|
| BRYAN SMITH, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 2:25-cv-00011-AGF |
| | ) |
| PIKE COUNTY SHERIFF'S DEPT., | ) |
| | ) |
| Respondent. | ) |

## **MEMORANDUM AND ORDER**

Petitioner Bryan Smith seeks a writ of habeas corpus under 28 U.S.C. § 2241.  Now before the Court is his motion to proceed *in forma pauperis*, or without prepayment of the filing fees or costs.  ECF No. 4.  Based on a review of the financial information provided, the motion will be granted, and the filing fee will be waived.  However, for the reasons discussed below, the petition will be summarily dismissed.

## **Background**

Petitioner is a Missouri state pretrial detainee, incarcerated at the Pike County Jail in Bowling Green, Missouri.  ECF No. 5 at 1.  A warrant issued for Petitioner's arrest in January 2024 after a Pike County grand jury indicted him on two counts: felony sodomy in the first degree and felony child molestation in the first degree.  *State v. Smith*, No. 24PI-CR00016 (45th Jud. Cir. 2024).[1]  Petitioner was arrested in April 2024 and held on a $100,000 cash-only bond.  Soon after arrest, counsel entered for Petitioner and filed a motion for bond reduction.  Before a hearing on the motion for bond reduction, a conflict arose for defense counsel, and it took months for new

---

[1] Petitioner's criminal case was reviewed on Missouri Case.net, Missouri's online case management system. The Court takes judicial notice of these public records. *See Levy v. Ohl,* 477 F.3d 988, 991 (8th Cir. 2007) (explaining that district court may take judicial notice of public state records).

counsel to be appointed. Petitioner filed a second *pro se* motion for bond reduction in January 2025. On May 16, 2025, new counsel entered for Petitioner and filed another motion for bond reduction, asking that Petitioner be released on his own recognizance or that his $100,000 cash-only bond be reduced. On June 17, 2025, a hearing was held on the motion and the Pike County Circuit Court reduced Petitioner's bond to $50,000 with the conditions of GPS monitoring and no contact with the victim or victim's family.

### Amended §2241 Petition

Petitioner initiated this action in January 2025 with a letter to the Court. ECF No. 1. The Court construed the letter as seeking habeas relief under § 2241 and directed Petitioner to amend on a Court-provided form. ECF No. 2. Petitioner subsequently filed two amended petitions. ECF Nos. 3 & 5. His most recent amended petition, dated April 26, 2025, states that he is challenging his bond under Amendment 8 and "Missouri Court rules," based on his "right to a reasonable bond." ECF No. 5 at 2 & 7. Petitioner argues that his $100,000 bond "is not affordable" and that the pending state-court charges are "bailable offenses." *Id.* at 6-7. He asks the Court to release him on his own recognizance "with conditions such as ankle monitor, court check-ins, and staying away from the alleged victim." *Id.* at 7.

### Legal Standard of Review

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts provides that a district court shall summarily dismiss a habeas petition if it plainly appears that the petitioner is not entitled to relief. This rule is applicable to habeas petitions arising under 28 U.S.C. § 2241. *See* Rule 1(b) of the Rules Governing § 2254 Cases (stating that the "district court may apply any or all of these rules to a habeas corpus petition not" filed pursuant to 28 U.S.C. § 2254).

**Discussion**

It plainly appears that Petitioner here is not entitled to relief on his § 2241 petition. As discussed in detail below, Petitioner's claim regarding excessive bail had not been exhausted in state court when he initiated this action in January 2025. And since filing his most recent amended petition, it appears that Petitioner had a state-court hearing and received a bond reduction. As such, the petition will be summarily dismissed.

Petitioner here alleges that his bond is unreasonable under the Eighth Amendment. The Eighth Amendment provides in part: "Excessive bail shall not be required, nor excessive fines imposed." U.S. Const. Amend. VIII. While the primary function of bail is to safeguard the role of courts in adjudicating the guilt or innocence of defendants, the only substantive limitation is that the "conditions of release or detention not be 'excessive' in light of the perceived evil." *United States v. Salerno*, 481 U.S. 739, 754 (1987). In determining whether bail is unconstitutional, a defendant's mere financial inability to post an amount does not automatically indicate excessiveness. *White v. United States*, 330 F.2d 811, 814 (8th Cir. 1964).

Petitioner here is a pretrial detainee with pending state court criminal charges. However, federal courts should not interfere, absent extraordinary circumstances, with a state's "pending judicial processes prior to trial and conviction, even though the prisoner claims he is being held in violation of the Constitution." *Sacco v. Falke*, 649 F.2d 634, 636 (8th Cir. 1981) (quoting *Braden v. 30th Jud. Cir. Ct. of Ky.*, 410 U.S. 484, 507-08 (1973)). Given this caution against interference and in the interest of comity between state and federal courts, a petitioner is required to exhaust state remedies before seeking habeas relief. *See Neville v. Cavanagh*, 611 F.2d 673, 675 (7th Cir. 1979); *see also Montano v. Tex.*, 867 F.3d 540, 542 (5th Cir. 2017) (stating that "it has long been settled that a Section 2241 petitioner must exhaust available state court remedies before a federal

court will entertain a challenge to state detention"). "The exhaustion requirement is satisfied if the federal issue has been properly presented to the highest state court." *Dever v. Kan. State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). To that end, when a state prisoner is seeking pretrial habeas relief based on bond issues, the prisoner is required to exhaust state remedies, unless the prisoner can demonstrate the existence of special circumstances. *See Braden*, 410 U.S. at 489 (stating that "federal habeas corpus does not lie, absent special circumstances, to adjudicate the merits of an affirmative defense to a state criminal charge prior to a judgement of conviction by a state court").

When Petitioner here initiated this habeas action, he had not exhausted his state court remedies with regard to seeking a bond reduction. At the time of case initiation, Petitioner had multiple motions for bond reduction pending in his state court case. Furthermore, Missouri Supreme Court Rules allow for review of bond conditions by a higher court. *See* Mo. S.Ct. R. 33.09 (stating that if a court sets "inadequate or excessive conditions of release," the accused "may seek remedial writ relief in a higher court"). There is no indication that Petitioner here sought a writ from a higher state court.[2] Finally, Petitioner failed to establish any "special circumstances" that would allow him to avoid the exhaustion requirement. *See Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994) (stating that "exceptions to the exhaustion requirement apply only in 'extraordinary circumstances'" and that the burden is on petitioner to demonstrate such circumstances) (internal citation omitted). For all these reasons, Petitioner failed to exhaust his state remedies before filing suit so this case must be dismissed.

---

[2] In response to the form § 2241 amended petition question about appeals, Petitioner states that there are no other appeals "other than now with the Supreme Court." ECF No. 5 at 5. However, Petitioner provides no case number for an appeal pending with the Missouri Supreme Court and the Court cannot find such a case in its search on Missouri Case.net.

4

In addition, based on the Pike County Circuit Court's recent decision, it appears that Petitioner has already been granted the relief that he sought in filing this case. To the extent Petitioner is unhappy with the state court's bond reduction and conditions, he must exhaust his claim in the highest state court before refiling an action in this Court.

### Certificate of Appealability

The Court has considered whether or not to issue a certificate of appealability. In order to issue such a certificate, the Court must find a substantial showing of the denial of a federal right. *See Tiedeman v. Benson*, 122 F.3d 518, 522 (8th Cir. 1997). "A substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997). Petitioner has not made such a showing, so the Court will not issue a certificate of appealability.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's motion for leave to proceed *in forma pauperis* [ECF No. 4] is **GRANTED** and the filing fee is waived.

**IT IS FURTHER ORDERED** that the petition and amended petitions for writ of habeas corpus pursuant to 28 U.S.C. § 2241 [ECF Nos. 1, 3, & 5] are **DENIED AND DISMISSED** without prejudice. An Order of Dismissal will be entered separately.

**IT IS FINALLY ORDERED** that a certificate of appealability will not issue.

Dated this 2nd day of July, 2025.

AUDREY G. FLEISSIG  
UNITED STATES DISTRICT JUDGE